### 37961. BROWN *v.* GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION *et al.*

DECIDED JANUARY 18, 1960—REHEARING DENIED
FEBRUARY 8, 1960.

*John M. Williams,` A. O. Parks,* for plaintiff in error.

*Smith, Field, Doremus & Ringel, Richard D. Carr, Charles L. Drew,* contra.

QUILLIAN, Judge. This is a workmen's compensation case in which the claimant made application to the State Workmen's Compensation Board for a hearing to determine whether there had been a change in the condition of a specific member. The claimant submitted proof that there was some disability to his left leg caused by a compensable accident, but none that the condition of the leg or the condition causing impairment in its use had changed, except that they had materially improved since the date of the award originally granting him compensation. The evidence showed that the claimant was earning more at the time of the latest hearing of the case than before he sustained the injury resulting in his previous disability. It is not necessary to summarize all of the evidence submitted on the hearing in order that this opinion be understandable.

There was evidence adduced on the hearing that the partial

loss of the use of the claimant's left leg was caused either by the original compensable injury to his back or the operations performed in the treatment of that injury. The doctor testified: "A. I believe that the cause of this weakness—and again, this is an opinion—as to the likely cause of this weakness, I believe the likely cause of this weakness was due to nerve root interference related to his back. In other words, I don't believe that the weakness was the weakness that began in his leg, but rather a weakness of the leg probably due to nerve impingement, or previous nerve impingement, in the back related to the—probably related to nerve root pressure in the region where the previous surgery had been performed, either due to the initial injury or possibly some relation to subsequent surgery. At this stage, I can't tell which."

On the former hearing of the instant case the board in its "findings of fact" decided as a matter of fact that the claimant's disability was at that time confined to his back. The evidence on the hearing concerning the claimant's use of his leg was meager and had the fact concerning the use of his legs and the cause of the same been as thoroughly developed as on the last hearing there would have been competent evidence in the record to support a finding that there was a partial permanent loss to the claimant of the use of his left leg. The finding of the board on that hearing that the disability resulting from the accident was to his back, though the condition of his leg was put in issue by his own testimony, was not excepted to and became final as to the condition of the leg at the time of the hearing. On the last hearing all of the evidence was that the condition of the leg had improved and that the claimant could use it with less pain and more effectiveness than on the previous hearing. In these circumstances the Workmen's Compensation Board ruled correctly in denying the claimant's application based on a change of condition.

*Judgment affirmed. Nichols, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. The first award was made on the basis of a finding that the claimant suffered a disability because of an injury to his back. There was no men-

tion made in the award about the partial loss of use of a leg and the award was not excepted to for failure to compensate for loss of use of a leg. The present appeal complains of the failure of the director to make an award for loss of use of a leg based on a change in condition. The appeal is without merit for two reasons: (1) No compensation was originally awarded for loss of use of a specific member and (2) even if the original award had included an amount for loss of use of a specific member (leg) the finding in the last hearing that the condition of the leg had improved was authorized. The present appeal seeks to have an original award, which did not have as its basis, in part, the loss of use of a leg, amended to include such a loss, under the guise of a change in condition of the leg, which could not be done even if the condition of the leg had become worse.